IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Price, ) | C.A. No. 3:07-3924-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| Gaylen Sanders; Fredrick Pauer; John/Jane ) | |
| Doe, all in their official and private ) | |
| capacity; and South Carolina Department ) | |
| of Mental Health, for declaratory and ) | |
| injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff is currently in the custody of the South Carolina Department of Mental Health (DMH) under provisions of the South Carolina Sexually Violent Predator Act ("SVPA" or "the Act").[1] Plaintiff contends Defendants were deliberately indifferent to a known risk to his safety, and that this failure to to provide reasonably safe conditions of confinement violated his Due Process rights. Plaintiff seeks declaratory and injunctive relief and monetary damages. On June 16, 2008, Defendants filed a motion for summary judgment. Plaintiff responded to the motion on July 18, 2008, and the matter is ripe for resolution.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation ("Report"). However, the matter became unassigned as a result of the vacancy of one Magistrate Judge position and division transfer of the previously assigned Magistrate Judge. To

---

[1] The SVPA allows the civil commitment of persons determined to the Sexually Violent Predators (SVPs) beyond the completion of their criminal sentence.

avoid a resulting backlog in cases, the undersigned has elected to withdraw the reference in this matter and resolve the petition without a Report and Recommendation. For the reasons indicated below, the court **dismisses** Defendants South Carolina Department of Mental Health and John and Jane Doe, and **grants** the motion for summary judgment of Defendants Sanders and Pauer and dismisses this case with prejudice as to these Defendants.

## I. DEFENDANTS TO BE DISMISSED

### A. DEFENDANT SCDMH NOT A "PERSON" AMENDABLE TO SUIT UNDER § 1983

As an initial matter, the court notes that Defendant South Carolina Department of Mental Health (SCDMH) is not a "person" amenable to suit under § 1983. It is well-settled that an agency of the state is not a "person" within the meaning of § 1983, and thus is not a proper defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant SCDMH is **dismissed from this action without prejudice.**

### B. DEFENDANTS NOT SERVED

Defendants Jane Doe and John Doe have never been served with the amended complaint in this matter. Pursuant to Federal Rule of Civil Procedure 4(m), Defendants Jane Doe and John Doe are **dismissed from this action without prejudice**.

### C. OFFICIAL AND INDIVIDUAL CAPACITY

The individually-named Defendants Sanders and Pauer are employees of SCDMH which is an "arm of the state." Therefore, to the extent sued in their "official capacity," Defendants are immune from suit as they are treated as "arms of the State" in this capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Plaintiff, however, also sues each Defendant in his individual capacity. To the extent sued in their individual capacities, Defendants are not immune

from suit.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita   Electric Industrial Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).  If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff.  *Anderson*, 477 U.S. at 248.  An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law.  *Id.*  A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial.  *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment.  *Anderson*, 477 U.S. at 251.

**FACTS**

Plaintiff contends that in August 2007, Defendant Sanders ordered him to share a cell (or "double bunk") with an individual who thereafter allegedly sexually assaulted him.[2]  Plaintiff contends that Defendant Sanders was aware of the risk of assault posed by "forcing" him to room with this individual, and that as a result, Defendant Sanders was deliberately indifferent to a known risk of harm.

Plaintiff also contends that on December 5, 2007, Defendant Pauer threatened Plaintiff that

---

[2] There was no physical evidence of the alleged assault and the alleged assailant denied that it had occurred.

4

if he did not "start attending SVP groups[,]" he would be "double celled again." Amd. Compl. at 1 (Dkt. # 20, filed Feb. 6, 2008). Plaintiff asserts that Pauer did this to, *inter alia*, intimidate Plaintiff. *Id*. at 2.

Plaintiff asserts that these actions by Defendants violated his Due Process rights. He seeks monetary damages from these Defendants.

#### FOURTEENTH AMENDMENT DUE PROCESS

As an involuntarily civilly committed individual, Plaintiff's right to be protected and confined in a safe institution is clearly established. *See Youngberg v. Romeo*, 457 U.S. 307, 319-22 (1982) (stating that individuals who are involuntarily civilly committed have constitutionally protected rights under the due process clause to reasonably safe conditions of confinement). *Youngberg* established that the due process rights of the involuntarily civilly committed are "at least as extensive" as the Eighth Amendment "rights of the criminally institutionalized," and therefore, "relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed." *See also Hydrick v. Hunter*, 500 F.3d 978, 994 (9th Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3410 (U.S. Jan. 17, 2008) (No. 07-958) ("The standard applicable to SVPs under the Fourteenth Amendment is at least coextensive with that applicable to prisoners under the Eighth Amendment.").

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that a prison official's "deliberate indifference" to "a substantial risk of serious harm to an inmate violates the Eighth Amendment." 511 U.S. at 828. An Eighth Amendment claim must articulate both an objective and a subjective component. *Id*. at 834. To satisfy the objective component, a plaintiff must show that an injury is sufficiently serious. "[A] prison official's act or omission must result in the denial of the

minimal civilized measure of life's necessities." *Id*. (quotation and citation omitted). A sexual assault would qualify as an injury sufficiently serious to satisfy the objective component.

The second element of an Eighth Amendment claim is subjective. It requires that the defendant have had a sufficiently culpable state of mind. *Id*. "In prison condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. (citation omitted). In *Farmer*, the Court held that a prison official is deliberately indifferent "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. That is, the inquiry is not whether individual officers should have known about risks to a plaintiff's safety, but rather whether they did know of such risks. *Id*. at 842-43. In order to be liable under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. *See also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (quotation and citation omitted) *(*"Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury " to a plaintiff). Therefore, to establish liability on this element, the evidence must show that the official in question subjectively recognized a substantial risk of harm, *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997), and the evidence must show that the official in question subjectively recognized that his actions "were inappropriate in light of that risk." *Id*. *See also Brown v. Harris*, 240 F.3d 383, 390-91 (4th Cir. 2001).

Assuming that the assault occurred, Plaintiff presents no evidence that Defendant Sanders was aware of any specific danger – other than the generalized conditions posed by an environment populated by individuals deemed to be violent sexual predators– that the alleged assailant posed to Plaintiff. Plaintiff indicates in his complaint that he (Plaintiff) told Sanders he did not want to room

6

with the alleged assailant because the alleged assailant "was an uncontrollable sexually violent predator." Compl. at 3 (Dkt. # 1, filed Dec. 5, 2007). Plaintiff contends that this alleged refusal put Defendant Sanders on notice that he should not have been housed with the alleged assailant. Yet Plaintiff also acknowledges that "Plaintiff and all other similar[ly] situated Sexually [Violent] Predators are extremely dangerous." Pla's Memo. at 1 (Dkt. # 49-2, filed July 18, 2008). Additionally, Plaintiff's statement in his "Resident Complaint Resolution" form that "[t]he reason . . . why I didn't want to be his roommate was because I knew . . . he ha[d] been in trouble for the same reason [with other individuals]. . . ," Dkt. # 45-2 at 9 (filed June 16, 2006), provides no evidence that the individual having "been in trouble" was due to a criminal act by the individual versus a failure to refrain from consensual activity prohibited by institutional rules and regulations.[3]

Viewing the evidence in the light most favorable to Plaintiff, the non-moving party, it appears that Plaintiff told Defendant Sanders he did not want to share a cell with the individual who later assaulted him. There is no evidence, however, that Defendants were aware of any prior assaults by this inmate. Therefore, Defendants' motion for summary judgment is granted.[4]

**CONCLUSION**

The motion for summary judgment of Defendants Sanders and Pauer is **granted.** Defendants SCDMH and John and Jane Doe are dismissed from this action without prejudice.

---

[3] Plaintiff provides the affidavits of three individuals in support of his response to Defendants' motion for summary judgment. These affidavits, however, do not provide evidence which creates a genuine issue of material fact.

[4] Plaintiff's amended complaint contends that Defendant Pauer's actions rose to a violation of his constitutional rights because Pauer "could not cause [or] threaten to deprive Plaintiff of his reasonable expectation to be free from further sexual assault . . . ." Amd. Compl. at 2 (Dkt. # 20, filed Feb. 6, 2008). However, Plaintiff's allegations relating to the actions of Defendant Pauer do not rise to the level of a constitutional violation.

**IT IS SO ORDERED**.

                                                    s/ Cameron McGowan Currie
                                                    CAMERON MCGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 21, 2008

C:\Documents and Settings\abs99\Local Settings\Temp\notesE1EF34\~2035751.wpd

8